UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ALBERT DOYLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION H-04-3110 |
| | § | |
| JO ANN BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Albert Doyle is not disabled under the terms of the Social Security Act. It does.

Doyle brought this action for judicial review of the commissioner's final decision denying his claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or

substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4. *Background.*

Doyle is a 46-year-old man. He has completed some college and has worked as a warehouse manager, telemarketer, and welder. Doyle says that he became disabled on November 1, 1997, and is unable to work.

Doyle filed an application for disability insurance benefits on December 2, 1998. This application was denied, and Doyle appealed. After hearing testimony from Doyle, his wife, two physicians, and a vocational expert, the hearing officer found Doyle capable of light work, with limitations. On review, the appeals council vacated the decision and remanded the case, ordering the hearing officer fully to address and evaluate the medical opinions of two other physicians, Gandhi and Paterson.

On remand, the officer held another hearing, but only Doyle and his wife testified. Doyle submitted no new medical evidence, and no medical experts or vocational experts testified. The hearing officer again denied Doyle's application, finding him capable of light work. Doyle appealed. The appeals council found that Doyle's request for review failed to support changing the officer's decision. Doyle now challenges the officer's decision on four grounds.

5.  *Express Credibility.*

Doyle first argues the hearing officer erred by not expressing his reasons for discounting Doyle's testimony and his wife's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The hearing officer did address their testimony, however, finding it unconvincing and not supported by the evidence as a whole in relation to Doyle's complete inability to work. In support of this conclusion, the officer, citing numerous examples, determined that (1) the medical evidence did not support Doyle's alleged symptoms or functional limitations and (2) Doyle's and his wife's testimony was "vague, evasive, and exaggerated." An applicant's active dishonesty should preclude further medical analysis, but the court will continue.

6.  *Obesity.*

Doyle next contends that the physicians improperly evaluated his obesity. He argues Hamilton did not apply SSR 00-3p to his assessment. Hamilton, however, did not need to apply SSR 00-3p because when he was testifying it had not yet taken effect.

Doyle further argues that Terrand should not have used Listing 9.09 because it was no longer in effect. While Listing 9.09 had been deleted before Terrand's testimony on April 19, 2000, this error is harmless. Terrand referred one time to Doyle's obesity. As her specialty is psychiatry and Hamilton had already testified about Doyle's physical impairments, she was asked to testify about Doyle's psychiatric impairments. Accordingly, Terrand concentrated her testimony on the psychiatric evidence and related physical manifestations. She did not address Doyle's physical limitations, including his obesity. Thus, her reference to Listing 9.09 was harmless. The purpose of a hearing is to discover medical reality. Supplying reliable scientific information in terms that are accepted in sound medical practice is more meaningful than verbal congruence with regulations and their section numbers.

Moreover, a medical condition that can be reasonably remedied is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). Doyle's obesity is a voluntarily correctable condition and is not disabling because it has responded favorably to

treatment. After he began a low-fat, low-carbohydrate diet, Doyle lost 32 pounds. He lost an additional one hundred pounds after gastric bypass surgery. With continued dieting and increased exercise, Doyle should lose more weight, and his related conditions, like sleep apnea and depression, should improve as well.

7.     *Vocational Testimony.*

Doyle next argues that a second vocational expert should have testified at the hearing following the remand because (1) the first vocational expert relied upon the physicians' erroneous evaluations, and (2) the appeals council ordered supplemental evidence from a vocational expert if warranted by an expanded record. Again, Hamilton's failure to use SSR 00-3p was not error, and Terrand's reference to Listing 9.09 was harmless.

Second, after the remand, there was no expansion of the record: Doyle submitted no updated medical records and no physicians testified at this hearing. The hearing officer amended his evaluation of Gandhi's and Paterson's earlier medical opinions. Thus, because the physicians' testimony was not erroneous and the record remained unchanged, nothing warranted additional testimony from a vocational expert.

8.     *Job Maintenance.*

Doyle concludes by arguing that the officer erred when he did not determine whether Doyle is capable of maintaining a job. *See Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986). This finding is necessary, however, only when a claimant alleges that he can work for short periods of time but cannot hold a job. *Frank v. Barnhart*, 326 F.3d 618, 621 (5th Cir. 2003). Here, Doyle is alleging that he cannot work at all. Thus, the officer did not err.

9.     *Substantial Evidence.*

The officer determined that Doyle can do light work, and substantial evidence exists in the record to support this decision. Hamilton testified that none of Doyle's

physical impairments, alone or in combination, meet the requirements of a medical listing. He further testified that Doyle has the physical capacity for work at a light level: during the day, he can lift and carry 10 to 20 pounds and can bend and stoop occasionally. Terrand explained that Doyle's cognition, including following simple job instructions, would be good. His capacity for dealing with coworkers and the public, following detailed job instructions, and maintaining concentration would be fair. Based on this testimony, the vocational expert concluded that Doyle is capable of performing light work – like being a ticket taker, rental clerk, or toll collector – and that 500 to 3,000 of these types of jobs are available in Houston. Thus, while Doyle certainly suffers from several impairments, none of these, nor their combination, result in a complete inability to work.

6. *Conclusion.*

The decision of the commissioner denying Doyle's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed July 27, 2005, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge